# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ROBINSON,<br><br>        Plaintiff,<br><br>   v.<br><br>BINGAMON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:12-cv-00099-SKO PC<br><br>FIRST SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, AS BARRED BY CLAIM PRECLUSION, AND DIRECTING CLERK'S OFFICE TO ENTER JUDGMENT<br><br>(Doc. 1) |

**First Screening Order**

**I.**  **Screening Requirement**

Plaintiff Nicholas Robinson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 23, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2   do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic
3   Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
4   indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
5   (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal
6   conclusions are not; Plaintiff must present factual allegations sufficient to state a plausible claim for
7   relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).
8   The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S.
9   at 678; Moss, 572 F.3d at 969.

10      Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
11  federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092
12  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
13  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate a link
14  between actions or omissions of each named defendant and the violation of his rights; there is no
15  *respondeat superior* liability under section 1983.  Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949;
16  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of
17  Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

18  **II.     Discussion**

19        **A.     Summary of Claim**

20        Plaintiff, who is currently incarcerated at Kern Valley State Prison in Delano, brings this
21  action against Defendants Bingamon and Tate for violating his rights while he was at California
22  Correctional Institution in Tehachapi.  A prisoner's right to adequate medical care is guaranteed by
23  the Eighth Amendment of the United States Constitution, and in his complaint, Plaintiff alleges that
24  his pain medication was discontinued by Defendants Bingamon and Tate.  Plaintiff seeks damages
25  for the violation of his rights.

26        Plaintiff filed this federal civil rights action following the denial of his petition for habeas
27  corpus on December 1, 2011, by the Kern County Superior Court.  In support of his very brief
28  ///

statement of claim, Plaintiff attaches exhibits, including his habeas petition and the order denying the petition.

### B.  Claim Preclusion

#### 1.  Prior Proceedings

In his habeas petition, Plaintiff alleged that he was transferred from Kern Valley State Prison to California Correctional Institution on January 19, 2011. Plaintiff alleged that his medications were discontinued, and when he was subsequently seen, he was only prescribed Ibuprofen, which did not help him. Plaintiff alleged that he suffered from chronic pain and also lost weight due to interferon treatment. Plaintiff alleged that prison officials were violating his rights under the Eighth Amendment of the United States Constitution as related to his medical needs.

In an opinion signed on December 1, 2011, the Honorable Lee P. Felice, Superior Court Judge for the County of Kern, denied Plaintiff's habeas petition on the ground that there was no willful indifference by medical staff and his rights under the Eighth Amendment of the United States Constitution were not violated.

#### 2.  Legal Standard

Claim preclusion bars litigation of claims that were or could have been raised in a prior action. Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted). Federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state. Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84, 104 S.Ct. 892 (1984) and Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004)) (quotation marks omitted).

Under California law, a final judgment of a state court precludes further proceedings if they are based on the same cause of action. Brodheim, 584 F.3d at 1268 (citing Maldonado, 370 F.3d at 951) (quotation marks omitted). California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. Id. (citing City of Martinez v. Texaco Trading & Transp., Inc., 353 F.3d

758, 762 (9th Cir. 2003)) (quotation marks omitted).  If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.  Id. (citing Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612 (1983)) (quotation marks omitted).

    **3.**    **Findings**

In this instance, there is no doubt that Plaintiff is attempting to litigate in this action what he already litigated and lost in Kern County Superior Court, as Plaintiff alleges in his complaint that he was forced to suffer in pain and he attaches as exhibits his habeas petition and the Kern County Superior Court's decision.  In as much as Plaintiff's habeas petition involved his claim that his rights under the Eighth Amendment of the United States Constitution were being violated by prison officials at CCI vis a vis the discontinuation of his pain medication and disregard of his weight loss, and his claim in this action arises from his pain and suffering, supported by the filings in his habeas case, Plaintiff's claim is precluded.  Given the nature of the deficiency at issue, leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**III.**    **Order**

Accordingly, this action is HEREBY ORDERED dismissed, with prejudice, as barred by claim preclusion, and the Clerk's Office SHALL enter judgment.

IT IS SO ORDERED.

**Dated:   October 31, 2012**        /s/ **Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE